UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT G. DREWS,

                Plaintiff,

v.                              Case No. 13-10421
                                       HON. TERRENCE G. BERG

AMERICAN AIRLINES, INC.,        HON. MICHAEL J. HLUCHANIUK

                Defendant.

_____/

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND WITNESS LIST (DKT. 39)

      This case involves a slip and fall on an airline jetway. Plaintiff Robert G.

Drews filed suit against Defendant American Airlines, Inc. on February 1, 2013

alleging that Defendant was negligent in failing to warn Plaintiff as he was

boarding a flight at Chicago O'Hare Airport in Chicago, Illinois that the jet bridge

was slippery with deicing solution allegedly spilled by Defendant's employees. (Dkt.

1, p. 2.) Plaintiff claims that he sustained severe injuries as a direct and proximate

result of Defendant's negligence when Plaintiff slipped and fell on the jet bridge.

(*Id.*)

      Before the Court is Plaintiff's motion to amend his witness list to include

Plaintiff's current hand and wrist physician, Dr. Michael Pochron, as a treating

physician.[1] (Dkt. 39.) Discovery in this matter closed on June 4, 2014.[2] (February

---

[1] Plaintiff describes Dr. Michael Pochron as his "current treating hand physician" and asserts that Dr. Pochron performed surgery on Plaintiff's hand and wrist on April 16, 2015. (Dkt. 44, ¶¶ 2-3.)

[2] Discovery was originally due on December 4, 2013. (Dkt. 9.) On October 31, 2013, Defendant filed a motion to extend the dates in the original scheduling order by 120 days. (Dkt. 13). The Court granted

13, 2014 text-only order.) This Court's June 4, 2013 scheduling order required the parties to disclose both lay and expert witnesses by October 23, 2013. Defendant filed its witness list on October 23, 2013 (Dkt. 11) and Plaintiff filed his witness list on October 24, 2013 (Dkt. 12).[3]  Defendant then filed an amended witness list on November 12, 2013 without opposition from Plaintiff. (Dkt. 14.)

Plaintiff's first treating physician, Dr. Jeffrey Gorosh, suffered a debilitating stroke after August 14, 2012, that prevented him from being deposed or from being available to testify at trial.[4] In the wake of this development, Plaintiff filed an amended witness list on July 10, 2014, naming two physicians in lieu of Dr. Gorosh, Drs. Robert Carson and Steven Anderson, who assisted Dr. Gorosh in treating Plaintiff.  (Dkt. 32.) Defendant moved to strike Plaintiff's amended witness list on July 23, 2014 as untimely and prejudicial. (Dkt. 33, pp. 7, 11.) On December 18, 2014, the Court denied Defendant's motion but extended the discovery period for an

---

this motion on November 5, 2013, setting a new discovery deadline of April 4, 2014. (November 5, 2013 text-only order.) On February 13, 2014, the discovery deadline was extended again to June 4, 2014. (February 13, 2014 text-only order.)

[3] Both parties used similar language to reserve their right to amend their witness lists:

> American reserves the right to amend this witness list pending the close of discovery for the reason that discovery is in its inception and additional witnesses may become known through the course of discovery.

(Dkt. 11, p. 7); and

> Plaintiff reserves the right to amend this witness list pending the close of discovery for the reason that discovery is in its inception and additional witnesses may become known through the course of discovery.

(Dkt. 12, ¶ 21.)

[4] Although the record does not disclose the date on which Dr. Gorosh suffered his stroke, it presumably occurred at some point after August 14, 2012, the date of his most recent report to Plaintiff's counsel detailing Plaintiff's recovery. (Dkt. 33, Ex. 3, p. 6.)

additional 45 days to allow Defendants sufficient time to depose the new medical witnesses and to collect and review their medical records. (Dkt. 36, p. 18.)

Plaintiff is asking the Court for leave to amend his witness list a second time because, upon being deposed, neither Dr. Carson nor Dr. Anderson had any recollection of treating Plaintiff and could not "testify as to any diagnosis, prognosis, and/or damages." (Dkt. 39, p. 3.) Defendant argues that Plaintiff has already had "ample investigation and discovery time" in this case and that it would be "highly prejudicial" to allow Plaintiff to add Dr. Pochron because of the time and expense Defendant will incur by deposing another doctor. (Dkt. 42, pp. 3, 18.)

The Court must therefore decide whether to deny Plaintiff's motion and leave Plaintiff without a treating physician to testify concerning Plaintiff's ongoing injury or to grant Plaintiff's motion despite the additional time and expense re-opening discovery will undoubtedly require. On balance, the Court believes the ends of justice will be best served if Plaintiff's motion to amend his witness list (Dkt. 39) is **GRANTED** because the prejudice Plaintiff will suffer without the testimony of a treating physician is significantly greater than the prejudice Defendant will suffer in terms of additional time and expense.

The Court also has concerns, however, that Plaintiff's conduct has unnecessarily caused this delay, and has imposed additional costs and expenses for Defendant, and therefore will consider awarding Defendant its attorneys' fees and costs incurred in conducting the depositions of Drs. Carson and Anderson.

Defendant will submit an account of any such attorneys' fees and costs within 7 days of the date of this order and Plaintiff will have 7 days to respond.

## I.      ANALYSIS

District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets. *Marie v. Am. Red Cross*, No. 13-4052, 2014 WL 5905003, at \*17 (6th Cir. Nov. 14, 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)). (Dkt. 9.) A party is required to disclose lay and expert witnesses by specified deadlines during the pre-trial proceedings or as ordered by the Court. Fed. R. Civ. P. 26(a). As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A failure to disclose is substantially justified when "justified to a degree that could satisfy a reasonable person." *Eagle v. Hurley Medical Center*, 292 F.R.D. 466, 481 (E.D. Mich. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 522, 565 (1988)). In essence, a court "has broad discretion in determining whether a Rule 26 violation is justified or

harmless." *Mitchell v. City of Warren*, No. 09-CV-11480, 2014 WL 1319703, at *3 (E.D. Mich. Apr. 1, 2014) (quoting *Heartland Rehab. Serv., Inc. v. Mekjian*, No. 06–11769, 2007 WL 1266352, at *1 (E.D. Mich. May 1, 2007)).

After careful review and consideration of the supporting briefs, the Court finds that Plaintiff's failure to disclose Dr. Pochron is substantially justified and that good cause exists for granting Plaintiff's motion. Plaintiff's first treating physician was unexpectedly incapacitated by a stroke and cannot be deposed or provide testimony. Understandably, Plaintiff's ongoing injury required him to seek out a new physician in March 2015 to continue treatment. (Dkt. 39, ¶¶ 18-20.) Defendant maintains Plaintiff has no excuse for failing to identify Dr. Pochron before now because Plaintiff complained of a continuing wrist injury in September 2013, well after Dr. Gorosh's March 2012 surgery, and had several years to retain a new physician if necessary. (Dkt. 42, p. 17.) According to Defendant, Plaintiff is only now retaining Dr. Pochron as "a last-minute change of trial strategy" after discovering that Drs. Carson and Anderson could not provide testimony favorable to Plaintiff. (*Id.* at 18.)

Defendant further argues that it would be highly prejudicial to grant Plaintiff's motion at this stage because of the additional time and expense required to depose a new witness. (*See Id.* at pp. 3, 4, 12.) Defendant speculates that Dr. Pochron's testimony "will open more areas of inquiry regarding Dr. Gorosh's procedure," requiring additional depositions and possibly the retention of additional

defense experts. (*Id.* at 17.) In essence, Defendant argues that Plaintiff "should long ago have identified all of the witnesses and evidence he will use at trial." (*Id.* at 18.)

Under typical circumstances, the Court would agree. In this case, however, Plaintiff's first treating physician was incapacitated by a stroke and this unfortunate event was beyond Plaintiff's control. As even Defendant has acknowledged, Plaintiff's wrist injury is a key component of Plaintiff's claim. (Dkt. 34, p. 8.) Plaintiff would therefore be significantly prejudiced without a treating physician to testify on Plaintiff's behalf if the Court were to deny this motion. Moreover, Plaintiff professes to suffer an ongoing injury to his wrist requiring continuing treatment and must be afforded the opportunity to present proof of this claim just as Defendant must have the opportunity to gather evidence to refute it.

Trial in this matter is currently set for September 14, 2015.  There remains sufficient time to accommodate Plaintiff's request to add Dr. Pochron to Plaintiff's witness list, and complete the related discovery. Plaintiff's motion to amend the witness list is therefore GRANTED, and discovery will be re-opened for 30 days from the date of this order for the following limited purposes: (1) Dr. Pochron's deposition may be taken; (2) Defendant may request any relevant medical records; and (2) Defendant may obtain an independent medical examination of Plaintiff.[5] Although re-opening discovery will require additional time and expense, it is a burden both parties will bear. The Court finds that the prejudice Plaintiff will suffer from being prohibited from presenting the testimony of his treating physician

---

[5] Plaintiff is not opposed to allowing Defendant the opportunity to obtain an independent medical examination. (Dkt. 39, ¶ 23.)

6

outweighs the harm to Defendant caused by re-opening discovery for these limited purposes.

In its response brief, Defendant requests, should the Court grant Plaintiff's motion, that the Court also: (1) order Dr. Pochron to limit his testimony to his personal treatment of Plaintiff's right wrist; (2) permit Defendant to amend its witness list if it retains additional experts as a result of Dr. Pochron's testimony; (3) order Plaintiff to pay all Defendant's fees associated with the depositions of Drs. Carson and Anderson and incurred while preparing its response to Plaintiff's motion to amend; (4) allow Defendant sufficient time to depose Dr. Pochron at Plaintiff's expense; and (5) permit Defendant to obtain at least one independent medical examination of Plaintiff. (Dkt. 42, pp. 18-20.)

As discussed above, the Court will re-open discovery for 30 days from the date of this order to allow Defendant to depose Dr. Pochron, request any relevant medical records, and to obtain one independent medical examination of Plaintiff. The parties will bear their own costs. The Court declines to establish any limitations on Dr. Pochron's testimony at this time because he has not yet been deposed and the parties can only speculate about what testimony he will give. If Plaintiff should seek to elicit testimony from Dr. Pochron which exceeds the bounds of relevance, Defendant may raise this issue in a motion in limine, and the Court will determine what matters will be admitted. If Defendant wishes to retain additional expert witnesses in light of Dr. Pochron's testimony, Defendant may amend its witness list accordingly.

With respect to Defendant's request that Plaintiff be required to pay Defendant's fees and costs incurred in relation to the depositions of Drs. Carson and Anderson, the Court will take this request under advisement. In his August 5, 2014 response to Defendant's motion to strike Plaintiff's first amended witness list, Plaintiff represented to the Court that Drs. Carson and Anderson were Plaintiff's "treating physicians" (Dkt. 34, p. 16) with "direct/personal knowledge of the procedures" Dr. Gorosh used to treat Plaintiff. (*Id.* at 13.) Moreover, Plaintiff asserted that these treating physicians had "discussed the subject matter and facts of the case." *Id.* When Drs. Carson and Anderson were deposed[6] in February 2015, however, Dr. Anderson stated that he had never spoken with Plaintiff's counsel before (Dkt. 42, Ex. 8, 6:10-20) while Dr. Carson recalled first speaking to Plaintiff's counsel only one week prior to the deposition (Dkt. 42, Ex. 7, 7:17-24.)

Both Dr. Carson and Dr. Anderson testified that they were not in fact Plaintiff's treating physicians. (Dkt. 42, Ex. 7, 10:18-24; Dkt. 42, Ex. 8, 5:6-21.) Furthermore, they indicated that if Plaintiff's counsel had contacted them and asked, they would have told Plaintiff's counsel that they did not have direct knowledge of Plaintiff's injuries. (*See* Dkt. 42, Ex. 7, 9:4-12; Dkt. 42, Ex. 8, 6:21 – 7:1.) This testimony raises a question as to whether, as Defendant argues, the parties could have saved significant time and expense had Plaintiff's counsel taken the time to communicate with Drs. Carson and Anderson prior to filing the August

---

[6] Although both parties reference and rely on the depositions of Drs. Carson and Anderson, Defendant provided only excerpts. (Dkt 42, Exs. 7 and 8.) Plaintiff argues that Defendant "has cited self-serving portions of the depositions" while "a complete review of the depositions, paints a different picture" but Plaintiff fails to cite to more relevant portions nor does he provide a complete copy of either deposition to support his position. (Dkt. 44, ¶ 9.)

5, 2014 response brief or before February 2015. (Dkt. 42, p. 11.) Accordingly, Defendant, within 7 days of the date of this order, shall file with the Court a reasonable account of its fees and costs associated with taking the depositions of Drs. Carson and Anderson. Plaintiff will have 7 days to respond.

The Court is cognizant of the delay occasioned by the fact that discovery has been re-opened twice in order to accommodate Plaintiff's requests. As the parties are well aware, there comes a time when discovery must end and the issues to be tried identified with finality. That time is at hand in this case; the parties should conduct themselves accordingly.

## II.    CONCLUSION

For the reasons stated above, Plaintiff's Motion to Amend Plaintiff's Witness List (Dkt. 39) is **GRANTED**. It is **ORDERED**, however, that the discovery period be re-opened for a period of 30 days from the date of this Order as to Plaintiff's witness Dr. Pochron only.

Furthermore, Defendant, within 7 days of the date of this order, shall provide the Court with a reasonable account of its fees and costs associated with the depositions of Drs. Carson and Anderson. Plaintiff will have 7 days to respond.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2015

9

**Certificate of Service**

I hereby certify that this Order was electronically submitted on June 8, 2015, using the CM/ECF system, which will send notification to each party.

By: <u>s/A. Chubb</u>
       Case Manager