UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT G. DREWS,

                Plaintiff,                Case No. 13-cv-10421

v.                                            Hon. Terrence G. Berg

AMERICAN AIRLINES, INC.,

                Defendant.

_____/

**DEFENDANT AMERICAN AIRLINES, INC.'S MOTION *IN LIMINE* TO EXCLUDE HEARSAY TESTIMONY AND TESTIMONY CONCERNING DEICER BEING "TRACKED UP" THE JETWAY**

**ORAL ARGUMENT REQUESTED**

Defendant American Airlines, Inc. ("American"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., hereby moves this Court, pursuant to Federal Rule of Evidence ("F.R.E.") 402, 403, and 802, to exclude inadmissible testimony of plaintiff Robert Drews and his wife, Roberta Drews, regarding statements allegedly made to Mrs. Drews in the jetway by an unidentified passenger that it was slippery and that multiple people had fallen and other statements made by a uniformed person that deicer fluid had been "tracked up" the jetway by an American employee. Even if this evidence is not hearsay, it is irrelevant under F.R.E. 401 and therefore inadmissible under F.R.E. 402. If those arguments do not prevail, this Court should

3162636

still find that this evidence is more prejudicial than probative under F.R.E. 403. The reasons and legal bases for this motion are set forth fully in the supporting brief, filed in accordance with E.D. Mich. L.R. 7.1.

In accordance with E.D. Mich. L.R. 7.1(a)(2), the undersigned states that his partner, William Adams, attempted to make contact with counsel for plaintiff on or about July 31, 2015, to explain the nature of this motion and its legal bases, but was unable to reach opposing counsel. Therefore, American assumes this motion is opposed.

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Scott R. Torpey
Scott R. Torpey (P36179)
William D. Adams (P54404)
Justin M. Schmidt (P78125)
*Attorneys for Defendant American Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
storpey@jaffelaw.com
wadams@jaffelaw.com
jschmidt@jaffelaw.com

Dated: July 31, 2015

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT G. DREWS,

                Plaintiff,            Case No. 13-cv-10421

v.

                                      Hon. Terrence G. Berg

AMERICAN AIRLINES, INC.,

                Defendant.
_____/

**DEFENDANT AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE HEARSAY TESTIMONY AND TESTIMONY CONCERNING DEICER BEING "TRACKED UP" THE JETWAY**

**ORAL ARGUMENT REQUESTED**

## STATEMENT OF ISSUE PRESENTED

1. Should this Court exclude the testimony of Mrs. Drews regarding statements allegedly made to her in the jetway by an unidentified passenger that it was slippery where plaintiff fell and multiple people had fallen because it is inadmissible hearsay, not subject to any exceptions, and there is no showing of personal knowledge on the part of the unidentified passenger?

   **American answers**: Yes.

2. Should this Court exclude the testimony of plaintiff and Mrs. Drews about a statement allegedly made to them by an unidentified person in a uniform who told them he was sorry, the alleged slip and fall incident should have never happened, and a ground crew member tracked deicer fluid up into the jetway because there is no showing of personal knowledge on the part of the unidentified passenger and this evidence is irrelevant and inadmissible?

   **American answers**: Yes.

3. Even if this evidence is admissible, whether this Court should still exclude it under F.R.E. 403 because the probative value of this evidence is outweighed by the danger of unfair prejudice and confusing the issues and the jury?

   **American answers**: Yes.

-ii-

## CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Pursuant to E.D. Mich. L.R. 7.1(d)(2), American states that the following authorities constitute the controlling and/or most appropriate authorities for its request for the exclusion of this evidence:

F.R.E. 403, 602, 801(d)(2), 802, and 803(1)-(2), as well as *Pettyjohn v. Kalamazoo Center Corp.*, 868 F.2d 879 (6th Cir. 1989).

## FACTS

Plaintiff has sued American in negligence for injuries he claims to have incurred when he allegedly fell on January 27, 2012, at Chicago O'Hare Airport, when he was walking in a jetway to board a flight to Flint, Michigan. Plaintiff intends to use the evidence American seeks to have excluded with regard to several central issues in dispute between the parties, including whether there was any liquid slipping hazard where plaintiff fell midway in the jetway and whether American's employees caused an alleged slippery substance to be in the jetway.

The first evidence this Court should exclude is Mrs. Drews' testimony that when she arrived to the location in the jetway where plaintiff was after he fell,[1] an unidentified male passenger – a "single gentleman" – said, "watch out, it's really slippery there," and said to be careful, it was slick, and "multiple people have fallen." (**Exhibit 1**: Roberta Drews Dep., 9:9-9:11, 10:23-11:8, 11:21-12:1.) Mrs. Drews did not personally see anyone fall. (**Exhibit 1**, 12:2-12:3.) This evidence is hearsay and therefore inadmissible. Even if this evidence is not hearsay, there is no basis on which to conclude the unidentified person had personal knowledge of the subjects of his statements and no basis on which to allow the jury to hear about his statement regarding other passengers' falls as admissible other incidents or

---

[1] Mrs. Drews entered the jetway a couple minutes after plaintiff fell, so she did not actually witness him slip and fall, just as nobody else saw the accident.

1

accidents evidence. On the other hand, even if this evidence is admissible on some basis, its probative value (if any) is substantially outweighed by F.R.E. 403 considerations.

The second example of evidence this Court should exclude is testimony of plaintiff and Mrs. Drews that, at the airport in Flint, an unidentified person in a uniform allegedly apologized for plaintiff's fall and stated that a ground crew member tracked in deicer fluid. Specifically, plaintiff testified that after the aircraft arrived at his final destination in Flint, "[s]omebody wearing a uniform that has a hat and captain's bars" approached him and said, "'Sir, I'm sorry, this should have never happened. One of the grounds crew tracked deicer up into the jetway.'" (**Exhibit 2**: Robert Drews Dep., 88:13-88:24.) Mrs. Drews also testified that in Flint, "the pilot" apologized, said the accident should not have happened, and that deicer fluid was tracked in. (**Exhibit 1**, 20:14-21:14.) This evidence is irrelevant other incidents evidence, and should be excluded. Moreover, even if it is relevant to some point at issue, F.R.E. 403 mandates its exclusion.

## ARGUMENT

District courts have broad discretion with regard to the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). Federal courts and the applicable federal rules "all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions in

2

limine – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999).

A.  **Hearsay Standard**

The Federal Rules of Evidence define "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter asserted in the statement." F.R.E. 801(c). Hearsay is inadmissible unless provided for otherwise in a federal statute, the Rule of Evidence, or other rules prescribed by the U.S. Supreme Court. F.R.E. 802.

1.  **Mrs. Drews' Testimony Regarding the Unidentified Passenger's Statements Is Inadmissible Hearsay**

Mrs. Drews testified that when she arrived to the area in the jetway where plaintiff was on the ground after he had already fallen (she did not actually see plaintiff fall), an unidentified male passenger said, "watch out, it's really slippery there," and said to be careful, it was slick, and several others had fallen. (**Exhibit 1**, 9:9-9:11, 10:23-11:8, 11:21-12:1.) These are out-of-court statements being used to prove the truth of the matter asserted, i.e., that it was slippery where plaintiff claims he fell halfway down the jetway and other passengers had fallen somewhere in the jetway, too. Therefore, this evidence is hearsay and inadmissible, unless an exclusion or exception to the hearsay rule applies. F.R.E. 801, 802.

Plaintiff may argue that the unidentified passenger's alleged statements fall within the hearsay exception of a present sense impression, which is a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." F.R.E. 803(1). Plaintiff may also argue that the alleged statements satisfy the excited utterance exception, which applies to a "statement relating to a startling event or condition, made while the declarant was under the stress of the excitement that it caused." F.R.E. 803(2).

The overriding problem with admitting this evidence under any hearsay exception is that there is no indication from the alleged statement or from other facts that the unknown passenger had any personal knowledge the jetway floor was allegedly slippery or other passengers had slipped or fallen somewhere in the jetway. *See* F.R.E. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."); *see also* Rule 803 advisory committee notes ("In a hearsay situation, the declarant is, of course, a witness, and neither this rule [803] nor Rule 804 dispenses with the requirement of firsthand knowledge.").

Consistent with the personal knowledge rule, there must be a showing that the unidentified witness actually saw the event, under both F.R.E. 803(1) and (2). *Gainer v. Wal-Mart Stores E., L.P.*, 933 F. Supp. 2d 920, 929-30 & n. 6 (E.D. Mich. 2013).

4

"As the proponent of this testimony, plaintiff bears the burden of establishing the unidentified declarants' personal knowledge 'by a preponderance of the evidence.'" *Id.* at 929. When the statement of an unidentified bystander is itself the only thing offered to establish personal knowledge, courts are extremely hesitant "to uphold a declarant's statement – standing alone – as sufficient basis to infer personal knowledge." *Id.* at 929. "While Plaintiff may prove personal knowledge through circumstantial evidence, that evidence must not be so scanty as to forfeit the 'guarantees of trustworthiness' which form the hallmark of all exceptions to the hearsay rule." *Id.* at 930. Finally, "[c]ourts should be particularly vigilant in policing the personal knowledge requirement [of F.R.E. 602] where the only witness able to testify to a statement made by an unidentified declarant is a party in interest." *Id.* at 931.

There is no testimony or other evidence indicating that this unidentified passenger had any first-hand knowledge the jetway floor was slippery or that he personally saw any passengers fall, let alone in the same location where plaintiff allegedly fell. The unidentified declarant did not make any express claim of personal observation, such as "I saw other people fall" or "I just slipped there, too." There are absolutely no indicia of reliability here, such as an express claim of personal knowledge by the unknown declarant and some corroborative evidence of personal observation. *See id.* at 930-31. For all that can be gathered from the unidentified

5

declarant's statement, he may have simply been repeating what he overheard from or was told by someone else regarding other people slipping and did not actually see anyone slipping himself. Plaintiff also testified that he was on the floor for about 30 seconds before other passengers who had already gone down the jetway ahead of him "came back" to assist him. (**Exhibit 2**, 82:3-82:25.) Not a single witness (even plaintiff's wife) saw plaintiff or anyone else fall, so it is pure conjecture whether the unidentified declarant personally witnessed anything or actually knew the actual portion of the jetway where plaintiff fell and could identify the presence of something slick there.

As to the excited utterance exception, under F.R.E. 803(2), plaintiff must show three things in order to admit the unidentified declarant's statements. "First, there must be an event startling enough to cause nervous excitement. Second, the statement must be made before there is time to contrive or misrepresent. And, third, the statement must be made while the person is under the stress of the excitement caused by the event." *Haggins v. Warden, Fort Pillow State Farm*, 715 F. 2d 1050, 1057 (6th Cir. 1983). "The assumption underlying [the] exception is that a person under the sway of excitement precipitated by an external startling event will be bereft of reflective capacity essential for fabrication and that, consequently, any utterance he makes will be spontaneous and trustworthy." *Id.* Even if the unidentified declarant did personally notice slipperiness or saw multiple passengers falling, there is no

6

indication in his statement that these were "startling events" to him and that he experienced any "stress" from them, let alone whether he was still under this stress when he made his statements.

Finally, it is highly suspicious that only Mrs. Drews heard the alleged statement. (**Exhibit 2**, 83:1-83:3 (plaintiff testified that he does not recall any passenger saying anything as he was helped up).) As Mrs. Drews has an interest in the outcome of her husband's case, her lone testimony of this alleged statement should be closely scrutinized. *See Gainer*, 933 F. Supp. 2d at 931 (courts must be "particularly vigilant in policing the personal knowledge requirement" of F.R.E. 602 where the only witness to an unidentified declarant's statement is someone with an interest in the case). For all these reasons, plaintiff cannot show by a preponderance of the evidence that the statement is either a present sense impression or excited utterance, and the Court should therefore find that the statement is inadmissible hearsay.

### 2. Even if the Unidentified Passenger's Statement Is Not Hearsay, It Is Irrelevant

Even if the unidentified passenger's statement regarding other falls is not hearsay, it should be excluded as irrelevant. The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

7

probable than it would without the evidence." F.R.E. 401. "Relevancy is the threshold determination in any decision regarding the admissibility of evidence; if evidence is not relevant, it is not admissible." *Koloda v. General Motors Parts Division, General Motors Corp.*, 716 F.2d 373, 375 (6th Cir. 1983) (citing F.R.E. 402, which provides, "Irrelevant evidence is not admissible.").

Evidence of other incidents must be "substantially similar" to the one at issue before they will be admitted into evidence. *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) (quoting *Koloda*, 716 F.2d at 376). Generally, "[s]ubstantial similarity means that the accidents must have occurred under similar circumstances **or** share the same cause." *Id.* (citations omitted). In premises cases, however, evidence must show that the accidents occurred at the **same place** and shared the **same cause.** *Pettyjohn v. Kalamazoo Center Corp.*, 868 F.2d 879, 881 (6th Cir. 1989) (citing *Freed v. Simon*, 370 Mich. 473 (1963)). The party proffering evidence of other incidents has the burden of establishing the requirements of same place/same cause. *Rye*, 889 F.2d at 102. This showing ensures that prior incidents evidence meets the relevancy requirements of the Federal Rules of Evidence, but F.R.E. 403 is a still a consideration. *See id.* at 103.

In the Sixth Circuit, evidence of "similar incidents is inadmissible for the purpose of demonstrating the cause of a specific occurrence." *Koloda*, 716 F.2d at 375 n. 2. Therefore, to the extent plaintiff seeks to use this statement regarding other

8

falls to show that the cause of plaintiff's accident was what caused other passengers to fall, too, the evidence is completely inadmissible.

Apart from its inadmissibility on the issue of causation, evidence of other falls is inadmissible on any other issue, including notice, because plaintiff cannot show his fall and the reported slips or falls of other passengers shared the same place/same cause. Plaintiff clearly testified that he fell halfway down the jetway and is completely unaware of what caused him to slip and fall. (**Exhibit 2**, 70:3-70:17, 76:16-77:22, 78:3-79:24, 79:3-79:17, 85:2-87:16.) The bare statement of the unidentified passenger is "multiple people have fallen." (**Exhibit 1**, 10:25-11:2.) The unidentified passenger did not specify where the other falls occurred or what caused them. Without specific factual information regarding the where and why of other passengers' incidents and with no evidence about what caused plaintiff's own slip and fall, plaintiff simply cannot establish the same place/same cause required under Sixth Circuit precedent necessary to admit the out-of-court statement regarding other "multiple" falls. *See Rye*, 889 F.2d at 102-03 (where little is known about other incidents, plaintiff fails to establish "substantial similarity" justifying the admission of other incidents evidence under F.R.E. 402). Accordingly, plaintiff cannot even show the relevance of other passengers' reported slips or falls under F.R.E. 401, and evidence of the unidentified declarant is therefore inadmissible under F.R.E. 402.

### 3. Evidence of the Unidentified Passenger's Statements is Inadmissible Under F.R.E. 403

Even if plaintiff could establish the relevance of other the unidentified passenger's statement about other incidents under F.R.E. 401 and admissibility under 402, this Court should still exclude this evidence under F.R.E. 403, which states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the jury, [or] misleading the jury." The Sixth Circuit notes the great risk of prejudice that arises when positive evidence of prior claims is admitted to show causation and notice, *Broome v. Dazey Corp.*, No. 88-5983, 1989 WL 109443, at *4 (6th Cir. Sept. 22, 1989), and prohibits this kind of evidence from being used to show causation, *Koloda*, 716 F.2d at 375 n. 2.

Here, even if plaintiff is given the benefit of every doubt, there is simply no evidence of similarity between his slip and fall and the "multiple" other falls the unidentified passenger related. Under these circumstances, the Sixth Circuit noted that the district court in *Rye, supra*, was correct in noting "'a great risk of jury confusion as to what this evidence is to be utilized for.'" Clearly, the trouble here lies in the very real risk that the jury will consider this inflammatory statement by an unidentified passenger of other falls on the issue of causation and assume that whatever caused "multiple" other passengers to slip and fall is also what caused

10

plaintiff to fall in the middle of the jetway. Accordingly, even if relevant and admissible under F.R.E. 402, evidence of other passengers' slipping incidents should still be excluded under F.R.E. 403 because its probative value, if any, is substantially outweighed by the danger of jury confusion and unfair prejudice.

B.  **Plaintiff and Mrs. Drews' Testimony Regarding Statements Made to Them by an Unidentified Person in a Uniform is Inadmissible**

Both plaintiff and Mrs. Drews testified that after the aircraft landed at their final destination in Flint, someone in a uniform (whom Mrs. Drews identified as "the pilot") apologized to them, told them the accident should never have happened, and deicer fluid had been tracked into the jetway. (**Exhibit 1**, pp. 20:14-21:14; **Exhibit 2**, 88:13-88:24.) Plaintiff is attempting to use this out of court statement to prove the truth of the matter asserted, i.e., that American knew it was at fault because an American employee tracked deicer fluid onto the jetway in Chicago, which caused passengers to fall.

This evidence implicates the same considerations of irrelevance and prejudice discussed, *supra*, with respect to other passengers' falls and statements by an unidentified passenger about those falls. Evidence of other incidents is admissible in premises cases only if the other incidents occur at the same place and arise from the same cause. *Pettyjohn*, 868 F.2d at 881. Admitting bare statements that deicer fluid was "tracked up" the jetway is irrelevant and inadmissible for the same reasons

11

discussed already, as there is no evidence the deicer fluid was "tracked up" to where plaintiff fell. (*See* **Exhibit 2**, 82:3-85:1.) Even if an unsupported assumption is made deicer fluid was "tracked up" the jetway, there still is no evidence that this fluid caused plaintiff's fall, as he admits he does not know what caused his accident. (*Id.*)

## CONCLUSION

In light of the foregoing, defendant American respectfully requests that this Court grant its motion *in limine* and enter an order excluding all of the evidence identified in this motion from trial, from dispositive motions during or after trial, and the discovery transcripts that may be used at trial.

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Scott R. Torpey
Scott R. Torpey (P36179)
William D. Adams (P54404)
Justin M. Schmidt (P78125)
*Attorneys for Defendant American Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
storpey@jaffelaw.com
wadams@jaffelaw.com
jschmidt@jaffelaw.com

Dated: July 31, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2015 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Katherine M. Abrignani
Katherine M. Abrignani