UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT G. DREWS,

    Plaintiff,

v.                                Case No. 13-10421
                                    HON. TERRENCE G. BERG
AMERICAN AIRLINES, INC.,     HON. MICHAEL J. HLUCHANIUK

    Defendant.
_____/

## ORDER PARTIALLY AWARDING COSTS AND ATTORNEY FEES

In this personal injury case, Defendant has filed a request for costs and attorney fees associated with its taking of two depositions noticed by Plaintiff's Counsel that were unnecessary, without evidentiary value, and caused delay in this case. (Dkt. 47.) The Court is aware of the premises herein, having reviewed the briefs and submissions of the parties in great detail.[1]

The record in this matter shows that Plaintiff persisted in requiring Defendant to appear for the depositions of Drs. Robert Carson and Steven Anderson under circumstances where minimal diligence and reasonable investigative effort on Plaintiff's part would have revealed that neither physician had any relevant knowledge relating to Plaintiff's case. Defendant asks the Court to sanction

---

[1] A more detailed explanation of the facts underlying this dispute was presented in the Court's Order Granting Plaintiff's Motion to Amend Witness List dated June 8, 2015 (Dkt. 46). The Court incorporates its statements summarizing the relevant facts from that Order herein, which support the Court's conclusions.

Plaintiff's Counsel[2] by requiring him to pay $12,260.93 in attorneys' fees incurred by Defendant as a result of their attending these depositions. (*Id.* at 3.)

The Court has inherent power to grant a request such as this, but the Court believes that an award of attorney's fees would be too punitive, given the size of the request and considering the nature of this case. Moreover, the Court has considered the explanation offered by Plaintiff's Counsel, including the fact that Plaintiff's original treating physician suffered a stroke, an event beyond Plaintiff's control, and that Plaintiff's Counsel's ill health required multiple hospitalizations over several months and major surgery, thus affecting the level of his involvement in this case. Nevertheless, the Court is convinced that Plaintiff's Counsel's conduct was responsible for the parties' having incurred the costs of these two depositions that diligent effort could have avoided.

On June 15, 2015, Defendant filed its bill of costs and attorney fees, requesting $12,260.93 for "fees and costs incurred in relation to the depositions of Drs. Robert Carson and Steven Anderson." (Dkt. 47, p. 3.) Defendant submitted a request for the fees of two attorneys, Scott Torpey ($315.00 per hour), and William Adams ($285.00 per hour), in addition to other expenses including scheduling, review of medical records, travel to Port Huron, Michigan, court reporter and transcript costs, and the deposition fees of Drs. Carson and Anderson. (*Id.* at 2, 6.)

Defendant maintains that these costs and fees were reasonable, and that Defense counsel had to invest a significant amount of time in preparation for these

---

[2] Plaintiff's Counsel refers to Attorney Fred S. Findling. On July 11, 2015, after Defendant's request and Plaintiff's response were filed, Attorneys Michael T. Ratton and Robert M. Giroux, Jr. of Giroux Ratton P.C. were added as Plaintiff's Co-Counsel in this case.

2

depositions because nearly a year had passed in this case since the last medical witness had been deposed. (*Id.* at 10.) With its request, Defendant submitted several invoices, evidence of payment, and the declarations of Drs. Carson and Anderson. (*Id.*, Exs. 1-5.) These declarations make clear that the doctors would have been of little assistance to Plaintiff because they had no independent recollection of Plaintiff's surgery or personal knowledge about Plaintiff himself. (*Id.* at Ex. 5, pp. 2, 4.)

Plaintiff responded on June 19, 2015. (Dkt. 49.) In his response, Plaintiff does not dispute the reasonableness of the costs and fees requested by Defendant. Instead, Plaintiff's Counsel describes a period of ill health that interfered with his ability to prepare for and depose Drs. Carson and Anderson. (*Id.* at 2.) Plaintiff's Counsel maintains that he had to task his secretary with contacting Dr. Anderson, but that Defendant delayed sharing Dr. Anderson's telephone number with her. (*Id.*) When Plaintiff's Counsel did locate Dr. Anderson, "Dr. Anderson failed to talk to Plaintiff's Counsel before his deposition." (*Id.*) The doctors, according to Plaintiff's Counsel, "had a selective memory of not recalling this surgery" at their depositions and "were also well paid for their testimony." (*Id.* at 3.) Moreover, Plaintiff's Counsel argues that Defendant was "sandbagging" by not sharing either doctor's declaration with Plaintiff's Counsel prior to the depositions. (*Id.* at 3-4.) Had Defendant shared these declarations, Plaintiff's Counsel states that the depositions "might have been avoided." (*Id.*)

3

It was Plaintiff, however, who requested, after the close of discovery, that Drs. Carson and Anderson be added to his witness list. When Defendant objected, Plaintiff represented to the Court in his response that Drs. Carson and Anderson were "treating personnel" or "treating physicians" with "direct/personal knowledge of the procedures" used to treat Plaintiff. (Dkt. 34, pp. 13, 16.) Moreover, Plaintiff asserted that these treating physicians had "discussed the subject matter and facts of the case." (*Id.* at 13.) These statements implied that Plaintiff's Counsel had been in contact with these potential witnesses and believed that they would be helpful to his client's case. This, however, was not so and an unnecessary delay resulted that caused Defendant to expend time and money on depositions that reasonable diligence by Plaintiff would have revealed could not yield any relevant evidence.[3]

While an unnecessary delay resulted in this case, Plaintiff has raised mitigating factors that weigh in favor of a lesser award than the full costs incurred by Defendant. Having considered all of the relevant factors on both sides in this matter, the Court finds that an appropriate sanction for Plaintiff's conduct would be to require Plaintiff's Counsel to pay ten percent of the cost of Defendant's attorneys'

---

[3] Defendant did communicate with Plaintiff's Counsel regarding the potential futility of deposing Drs. Carson and Anderson in an email sent on February 3, 2015. (Dkt. 42, Ex. 6.) In this email, Defendant's Counsel notes the following:

> Finally, we talked yesterday about the depositions of Drs. Anderson and Carson. I explained to you that these doctors know nothing about any treatment rendered to your client, but I will nevertheless need to depose them if they remain on your first amended witness list. I will be more than happy to cancel their depositions we can enter into a stipulation expressly stating that plaintiff has stricken Drs. Carson and Anderson from plaintiff's first amended witness list and no party will call them at trial. If we can do that, I have no reason to depose these doctors and will cancel their depositions.

(*Id.*) In response, Plaintiff's Counsel merely stated that "the depositions of Drs. Carson and Anderson will take place as noticed." (*Id.*)

fees, or $1,226.09, for causing an unnecessary delay in this case that resulted in redundant expenditures of time and money.  Plaintiff's Counsel is therefore **ORDERED** to pay Defendant $1,226.09 no later than 30 days from the date of this Order, or by September 5, 2015, whichever is sooner. Plaintiff's Counsel shall file a statement or affidavit on that same day indicating that such fees have been paid. Trial in this matter remains set for September 14, 2015.

    **SO ORDERED**.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 7, 2015, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>
Case Manager